IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COLOSSUS MEDIA, LLC, *Plaintiff,* v. ADALYTICS RESEARCH, LLC, *Defendant.* | Case 8:24-cv-01402-DKC |

**PLAINTIFF COLOSSUS MEDIA, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. PERTINENT FACTS ............................................................................................................2

III. LEGAL STANDARD............................................................................................................3

IV. ARGUMENT.........................................................................................................................4

    A. Adalytics Does Not Allege Specific Defamatory Statements................................. 4

    B. Colossus SSP's Conduct Is Protected by Absolute Litigation Privilege ................ 6

    C. Adalytics Does Not Adequately Allege That Colossus SSP Abused Its Conditional Privilege of Reply ................................................................................ 8

        1. Adalytics Does Not Allege That Colossus SSP's Reply Was Non-Responsive, Disproportionate, or Excessive...............................................8

        2. Adalytics Does Not Adequately Allege That Colossus SSP Made Defamatory Statements with Malice..........................................................10

V. CONCLUSION....................................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Albright v. Oliver*,
    510 U.S. 266 (1994) ................................................................................................................3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................3

*Capital–Gazette Newspapers v. Stack*,
    293 Md. 528 (1982) ..............................................................................................................10

*El Jamal v. Weil*,
    986 N.Y.S.2d 146 (2014) ........................................................................................................6

*English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*,
    172 F.3d 862, 1999 WL 89125 (4th Cir. 1999) (unpublished table decision) .........................4

*Foretich v. Cap. Cities/ABC, Inc.*,
    37 F.3d 1541 (4th Cir. 1994) ...............................................................................................8, 9

*Frances v. Schudrich*,
    No. CV PJM 05-981, 2006 WL 8456997 (D. Md. Aug. 11, 2006) ....................................8, 10

*Goines v. Valley Community Services Bd.*,
    822 F.3d 159 (4th Cir. 2016) .............................................................................................7 n.1

*Harvey v. Cable News Network, Inc.*,
    48 F.4th 257 (4th Cir. 2022) .................................................................................................6, 7

*Estate of Jones v. St. Thomas More Nursing & Rehab Ctr.*,
    No. PJM 09-1419, 2009 WL 3247929 (D. Md. Oct. 1, 2009) .................................................4

*McDermott v. Hughley*,
    317 Md. 12 (1989) .................................................................................................................10

*Norman v. Borison*,
    418 Md. 630 (2011) .................................................................................................................6

*Rakocevic v. Koutsoudakis & Iakovou L. Grp., PLLC*,
    No. 24 CIV.2567 (LGS), 2025 WL 327924 (S.D.N.Y. Jan. 28, 2025) ....................................5

*Schoonfield v. Baltimore*,
    399 F. Supp. 1068 (D. Md. 1975)......................................................................................4

*State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*,
    381 F. Supp. 3d 536 (D. Md. 2019)........................................................................3, 4, 5, 6

*Wiggins v. Philip Morris, Inc.*,
    853 F. Supp. 458 (D.D.C. 1994)....................................................................................4

*Woodruff v. Trepel*,
    125 Md. App. 381 (1999) ...........................................................................................10

**Other Authorities**

Fed. R. Civ. P. 8(a)(2).........................................................................................................3

Fed. R. Civ. P. 12(b)(6)...................................................................................................3, 6

Plaintiff Colossus Media, LLC ("Colossus SSP") respectfully submits its Motion to Dismiss Defendant Adalytics Research, LLC's ("Adalytics") Counterclaim.

## I. INTRODUCTION

Boiled down to the operative paragraphs, Adalytics' Counterclaim is that Colossus SSP has accused Adalytics of defamation. Adalytics does not provide any further detail such as the who/what/when/where or why, or even describe the alleged statements. Instead Adalytics argues at length that its own defamatory statements are true, and therefore Colossus SSP's claims of falsity (however made) constitute defamation. These vague and conclusory allegations are insufficient to state a claim.

Even if Adalytics had made the requisite factual allegations, it is not defamatory to file a defamation claim or to repeat the allegations contained in a defamation pleading. Therefore, as a matter of law, Adalytics' Counterclaim is barred by the absolute litigation privilege and the conditional privilege of reply. Colossus SSP's decision to file defamation and false advertising claims against Adalytics does not create a "hook" for Adalytics to counterclaim that these claims are themselves defamatory. If that were the case, all defamation claims would spawn an endless loop of "defamation by defamation claim" litigation. Instead, Colossus SSP has an absolute right to bring such a claim, and to publicly disclose that it has done so.

## II. PERTINENT FACTS

As alleged in the Counterclaim, on May 10, 2024, Adalytics published a post on its website ("Challenged Post") claiming that Colossus was defrauding its customers by misidentifying user IDs in order to sell more advertising. Colossus SSP responded within days by filing defamation and false advertising claims in this Court on May 14, 2024. [ECF 1]. After its Motion to Dismiss was denied, Adalytics responded by claiming that Colossus SSP, by alleging defamation, has defamed Adalytics. [ECF 28 ¶¶ 41-42].

1

As a smokescreen, the majority of the Counterclaim avoids the topic of this alleged "defamation about defamation." Instead, Paragraphs 1-8, 15-41 and 48-51 of the Counterclaim consist entirely of self-serving background on Adalytics' business, arguments as to the truth of the content in the Challenged Post, boilerplate jurisdictional allegations, and unrelated (and offensive) insinuations and accusations about Colossus SSP's business model and growth. [*Id.*]. None of these paragraphs shed any light on what Colossus said or wrote that was "defamatory."

In fact, only a handful of sentences in the Counterclaim concern Colossus SSP's allegedly "defamatory" statements. Even this handful consists of nothing but boilerplate legal conclusions and the accusation that Colossus SSP has alleged that the Challenged Post was false (i.e., the exact allegation in the Complaint and Amended Complaint). Specifically, the entire basis for Colossus SSP's defamation counterclaim consists of the statements that:

- At some point in the past year, Colossus SSP sent emails to unidentified advertiser clients or potential clients (i.e., potential witnesses on the harm to Colossus SSP) where, "on information and belief", Colossus SSP said that the Challenged Post was "false", "inaccurate", and part of a "concerted action" and repeated these claims <u>after</u> the Complaint was filed in "SEC financial statements and conference calls." [*Id.* ¶ 11].
- That it was "false" that the Challenged Post was false [*Id.* ¶ 43].
- Colossus SSP filed its Complaint in "bad faith," intended to harm Adalytics, and that by claiming the Challenged Post was false, Colossus SSP discouraged unidentified people from having a good opinion of Adalytics [*Id.* ¶¶ 9, 13, 47].
- As a result of the alleged "defamatory statements", Adalytics has suffered "harm" including "losing clients and potential clients." [*Id.* ¶ 54].

Adalytics' pleading does not provide any further detail on the who/what/when/where of these allegedly defamatory statements.

## III. LEGAL STANDARD

To survive a motion under Fed. R. Civ. P. 12(b)(6), a claimant is required to state "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), or to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a Rule 12(b)(6) motion, courts are directed to examine the claim as a whole, accept the factual allegations in the claim as true, and construe the factual allegations in the light most favorable to the claimant. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994). However, the claim must make "more than bald accusations or mere speculation." *State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 551 (D. Md. 2019) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "formulaic recitation of the elements of a cause of action" is insufficient to plead a claim that satisfies Fed. R. Civ. P. 8(a)(2). *Twombly*, 550 U.S. at 555.

"Although a plaintiff need not plead a defamation claim under the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, the pleadings in a defamation case must still be sufficiently detailed to enable a defendant to appropriately respond." *Estate of Jones v. St. Thomas More Nursing & Rehab Ctr.*, No. PJM 09-1419, 2009 WL 3247929, at *3 (D. Md. Oct. 1, 2009). A claimant "may not baldly allege a broad course of conduct over a lengthy period of time and later sue on any act that occurred during that time period." *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, 172 F.3d 862, 1999 WL 89125, at *3 (4th Cir. 1999) (unpublished table decision). Instead, a claimant must specifically allege each separate instance of

defamation. *State Farm*, 381 F. Supp. 3d at 565 (quoting *Gainsburg v. Steben & Co.*, 838 F.Supp.2d 339, 344 (D. Md. 2011)).

In defamation actions, courts typically require that the complainant "plead the time, place, content, speaker, and listener of the alleged defamatory matter." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 458, 465 (D.D.C. 1994); *see also Schoonfield v. Baltimore*, 399 F. Supp. 1068, 1090 n.29 (D. Md. 1975) ("[I]t should be noted that although the Federal Rules of Civil Procedure have liberalized pleading requirements, courts have traditionally required in actions of libel or slander that the allegedly defamatory matter be set forth in haec verba."). While a claimant "need not plead detailed allegations as to each one of the who, what, where, and when, in order to state a claim[,]" it "must provide more than vague and hazy allegations as to at least some of these questions. Their failure to do so renders their pleading deficient." *State Farm*, 381 F. Supp. 3d at 568 (citing *Baron Fin. Corp. v. Natanzon*, 471 F.Supp.2d 535, 542 (D. Md. 2006)).

## IV.  ARGUMENT

### A.  Adalytics Does Not Allege Specific Defamatory Statements

Under Maryland law, a defamation claim requires more than a vague suggestion that the defendant said something false. For example, in *State Farm*, the court dismissed a counterclaim for defamation made against the plaintiff that was based on a series of alleged oral statements made to various clinics, providers, and owners that the defendant had engaged in fraud and dishonesty. *State Farm*, 381 F. Supp. 3d at 550. The counterclaim did not assert who allegedly made the statements, how the statements were allegedly made, or when the statements were allegedly made, instead stating that they were made sometime after a specific date. *Id.* at 568. And the counterclaim only provided "a bare-bones rendering of what [the plaintiff] supposedly said[,]" relying on "information and belief." *Id.* Finding these allegations to be "vague and hazy," the court dismissed the counterclaim as deficient. *Id.*

4

Similarly, Adalytics asserts vague and hazy allegations lacking details of to whom the statements were made, what the statements were, where the statements were made, and when the statements were made. Adalytics accuses Colossus SSP of sending emails to multiple advertisers. [ECF 28 at ¶ 45]. Adalytics does not state who these advertisers were. [*Id.*]. Adalytics does not provide a specific date that any alleged statement occurred. [*Id.* at ¶ 45]. Adalytics does not even state the contents of the allegedly defamatory statements. Instead, Adalytics providing the bare-bones description that based "[u]pon information and belief, Colossus labeled Adalytics' Report as 'false' and 'inaccurate,' and claimed that Adalytics was part of some conspiracy or 'concerted action' against Colossus." [*Id.* at ¶ 46]. This type of allegation is not sufficient to state a claim for defamation. *See, e.g.*, *Rakocevic v. Koutsoudakis & Iakovou L. Grp., PLLC*, No. 24 CIV.2567 (LGS), 2025 WL 327924, at *3 (S.D.N.Y. Jan. 28, 2025) (dismissing defamation claim because the complaint's "general allegation that 'Defendants' defamed Plaintiff by repeating to 'her clients' [certain] 'false allegations' does not plead sufficient particulars to state a claim."). Moreover, these allegations do not identify any singular instance of defamation and instead baldly allege a broad course of conduct over a lengthy period of time, which is also deficient as a matter of law. *See State Farm*, 381 F. Supp. 3d at 568. They do not provide Colossus SSP with the requisite level of detail to investigate the counterclaim and defend itself. Adalytics' counterclaim must therefore be dismissed under Fed. R. Civ. P. 12(b)(6).

  **B.** <u>**Colossus SSP's Conduct Is Protected by Absolute Litigation Privilege**</u>

Under Maryland law, absolute litigation privilege precludes a defamation claim based on statements (1) made with the direct purpose or effect of producing a judicial or quasi-judicial proceeding; (2) prepared for possible use in connection with a pending judicial proceeding; and (3) that are not designed necessarily to produce a proceeding or cause one to be filed, but which are connected contextually to a pending or ongoing proceeding. *Norman v. Borison*, 418 Md. 630,

5

653 (2011). Statements made in a legal pleading are protected by the absolute litigation privilege. *Norman*, 418 Md. at 654–55. Here, Adalytics' entire claim hinges on Colossus SSP allegedly referencing the central allegation in Colossus SSP's Complaint: that the Challenged Post is false. These statements are therefore immune from suit under the absolute litigation privilege. *See Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 275 n.8 (4th Cir. 2022) (holding that litigation privilege shielded statements which summarized a litigant's intended testimony in a legal proceeding).

In addition, the statements accused by Adalytics in its Counterclaim, that the Challenged Post was "false" and "inaccurate" and part of some "concerted action" against Colossus SSP, were purportedly made to advertisers, who are key witnesses in this proceeding, and, as alleged by Adalytics, do nothing more than convey that Colossus SSP was alleging defamation, i.e., that the Challenged Post was false. They are contextually related to the proceeding as they directly relate to its subject matter and are therefore also made during the course of the proceeding. *See El Jamal v. Weil*, 986 N.Y.S.2d 146, 148 (2014) (finding statements made to parties, counsel, or possible witnesses to be pertinent to the ongoing judicial proceeding and therefore absolutely privileged).

While not specifically discussed under Adalytics' count for defamation, Adalytics also accuses Colossus SSP of making "libelous and slanderous" statements in the SEC filings of its parent company, Direct Digital Holdings, Inc. [ECF 28 ¶ 11]. To the extent Adalytics argues that these statements constitute defamation, they are also protected by litigation privilege and the fair report privilege. These statements (which do not name Adalytics), and which are essentially the same in each SEC filing, are factual summaries of Colossus SSP's action against Adalytics. For example, in its October 22, 2024 Form S1 filing, Direct Digital Holdings, Inc. stated:

> On May 10, 2024, the Company was the subject of a defamatory article / blog post which the Company believes was part of a coordinated misinformation campaign.

6

> In connection with this post, one of the Company's sell-side customers paused its connection to the Company while the allegations were investigated. This customer reconnected the Company on May 22, 2024 and sell-side volumes have resumed but not yet at the levels experienced prior to the pause in May 2024. The Company is actively working with its partners to achieve prior volume levels. On May 14, 2024, the Company filed a lawsuit against the author of the defamatory article and is vigorously pursuing its rights. The Company cannot make any predictions about the final outcome of this litigation matter or the timing thereof.

Exhibit 1 at 10.[1]

These statements are similarly privileged under the absolute litigation privilege and the fair report privilege. They are connected contextually to the proceeding, as they summarize Colossus SSP's position outlined in its Amended Complaint. *See Harvey*, 48 F.4th at 275, 275 n.8 (holding that fair report privilege and litigation privilege shielded reporting of statements made in connection with legal proceeding). Because the statements accused by Adalytics in its Counterclaim are absolutely privileged under the litigation and fair report privilege, the Counterclaim must be dismissed.

### C. Adalytics Does Not Adequately Allege That Colossus SSP Abused Its Conditional Privilege of Reply

#### 1. Adalytics Does Not Allege That Colossus SSP's Reply Was Non-Responsive, Disproportionate, or Excessive

Maryland acknowledges a common-law privilege of reply that is triggered by the publication of a defamatory attack. *Foretich v. Cap. Cities/ABC, Inc.*, 37 F.3d 1541, 1560 (4th Cir. 1994). Colossus SSP's alleged statement that the Challenged Report is "false" therefore falls squarely within this privilege and is therefore presumptively immune from suit. Where, as here,

---

[1] Courts in the Fourth Circuit "may consider a document submitted by the movant" on a motion to dismiss "that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Community Services Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). Adalytics stated that the SEC filings contained "libelous and slanderous statements[.]" [ECF 28 ¶ 11]. The SEC filings are therefore integral to the Counterclaim.

7

the alleged "defamation" is plainly a reply to a defamatory attack, Adalytics bears the burden to allege that the privilege does not apply.

For this privilege of reply to be lost, Adalytics would need to allege that: (i) the reply includes substantial defamatory matter that is irrelevant or non-responsive to the initial attack; (ii) the reply includes substantial defamatory matter that is disproportionate to the initial attack; or (iii) the publication of the reply is excessive or addressed to too broad an audience. *Id.* It is appropriate for a court to determine whether there are sufficient allegations of abuse of this conditional privilege to overcome the assertion of this privilege at the motion to dismiss stage. *Frances v. Schudrich*, No. CV PJM 05-981, 2006 WL 8456997, at *5 (D. Md. Aug. 11, 2006).

A reply is considered responsive to the attack if it "den[ies] the accusations, or directly respond[s] to them, or express[es] one's impressions upon first hearing them[.]" *Foretich*, 37 F.3d, at 1560. "[S]tatements impugning the motives of the accuser" are also considered responsive. *Id.* Adalytics' limited characterization of Colossus SSP's allegedly defamatory statements are that "Colossus labeled Adalytics' Report as 'false' and 'inaccurate,' and claimed that Adalytics was part of some conspiracy or 'concerted action' against Colossus." [ECF 28 at ¶ 46]. These statements are squarely responsive. They deny the accusations of the Adalytics Report and impugn the motives of the accuser. Adalytics therefore has not sufficiently pled allegations of abuse of the privilege of reply to overcome the assertion of the privilege on the basis of responsiveness.

The proportionality of a reply calls for a comparison to the attack to which the reply corresponds. *See Foretich*, 37 F.3d, at 1562. In analyzing proportionality, a court looks to the language used and characterizations imputed by that language. *See id.* A reasonably proportionate reply may assert "that [an] accuser is an unmitigated liar and the truth is not in him." *Id.* (quoting W. Page Keeton, Dan B. Dobbs, Robert E. Keeton & David G. Owen, *Prosser and Keeton on the*

8

*Law of Torts* § 115, at 825 (5th ed. 1984)). Adalytics does not identify any specific language used in Colossus SSP's reply to Adalytics' initial defamatory attack. The vague allegation that Adalytics claimed that the Challenged Post is "false" is plainly proportionate on its face and is in fact the most limited response that Adalytics could conceivably make. Adalytics therefore has not sufficiently pled allegations of abuse of the privilege of reply to overcome the assertion of the privilege on the basis of proportionality.

Finally, in evaluating whether a reply is excessive, courts look "to whom those statements were directed." *Foretich*, 37 F.3d at 1563. The extent of publication, i.e., how widespread the reply is as compared to the original attack, is the pertinent inquiry here. *Id.* In this case, Adalytics accuses Colossus SSP of "sending targeted emails to specific advertisers who were clients or potential clients of Adalytics" [ECF 28 at ¶ 45], whereas Adalytics' original attack was disseminated generally to anyone in the world that accessed Adalytics' blog. "Advertisers" are also Colossus SSP's customers. As a matter of law, it would not be "excessive" for Colossus SSP to allegedly communicate to its customers that the Challenged Post (which claimed that Colossus SSP was defrauding those same customers) was "false." The allegedly "targeted emails" are therefore not at all excessive. Adalytics therefore has not sufficiently pled allegations of abuse of the privilege of reply to overcome the assertion of the privilege on the basis of excessiveness.

### 2. Adalytics Does Not Adequately Allege That Colossus SSP Made Defamatory Statements with Malice

A conditional privilege may also be lost if the party claiming the privilege has acted with constitutional malice. *Frances*, 2006 WL 8456997, at *5 (citing *Woodruff v. Trepel*, 125 Md. App. 381, 402 (1999)). Malice requires that a party act with "knowledge of falsity or reckless disregard for truth." *McDermott v. Hughley*, 317 Md. 12, 30 (1989). Actual malice is <u>not</u> established by a mere showing that: "the publication was erroneous, derogatory or untrue, the publisher acted out

9

of ill will, hatred or a desire to injure the official, the publisher acted negligently, the publisher acted in reliance on the unverified statement of a third party without personal knowledge of the subject matter of the defamatory statement, or the publisher acted without undertaking the investigation that would have been made by a reasonably prudent person." *Capital–Gazette Newspapers v. Stack*, 293 Md. 528, 540 (1982). Adalytics' boilerplate allegation that Adalytics' knew its statements were false does not come close to alleging actual malice.

Adalytics did not and could not plead malice because it knows the basis for Colossus SSP's belief that the Adalytics Report is false and inaccurate. Colossus SSP has provided a detailed basis for these allegations in its Amended Complaint. Because Adalytics could not in good faith argue specific facts to indicate that Colossus SSP acted with actual malice, Adalytics has failed to plead facts which overcome Colossus SSP's privilege of reply. Adalytics' counterclaim must therefore be dismissed.

## V.   CONCLUSION

For the foregoing reasons, this Court should dismiss Adalytics' counterclaim.

Dated: May 14, 2025                    Respectfully submitted,

*Melissa O. Martinez*
Ava E. Lias-Booker (Federal Bar No. 05022)
Melissa O. Martinez (Federal Bar No. 28975)
**MCGUIREWOODS LLP**
500 East Pratt Street, Suite 1000
Baltimore, MD 21202-3169
(410) 659-4400
(410) 659-4482 Fax
alias-booker@mcguirewoods.com
mmartinez@mcguirewoods.com

Robert A. Muckenfuss (admitted *pro hac vice*)
**MCGUIREWOODS LLP**
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
(704) 343-2052
(704) 343-2300 Fax

10

rmuckenfuss@mcguirewoods.com

Lucy J. Wheatley (admitted *pro hac vice*)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-4320
(804) 698-2017 Fax
lwheatley@mcguirewoods.com

Daniel P. Withers (admitted *pro hac vice*)
**MCGUIREWOODS LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
(214) 932-6439
(214) 932-6499 Fax
dwithers@mcguirewoods.com

*Counsel for Plaintiff Colossus Media, LLC*