**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

COLOSSUS MEDIA, LLC,

     *Plaintiff,*

v.

ADALYTICS RESEARCH, LLC,

     *Defendant.*

Case 8:24-cv-01402-DKC

**<u>PLAINTIFF COLOSSUS MEDIA, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR PARTIAL RECONSIDERATION</u>**

## TABLE OF CONTENTS

**Page(s)**

I.      BACKGROUND ..............................................................................................................1

II.     LEGAL STANDARD......................................................................................................2

III.    ARGUMENT .................................................................................................................3

     A.     Adalytics' Claims Against Unrelated Parties Do Not Relate Back in Time........... 3

     B.     Adalytics Has Not Shown That DRCT, Mr. Walker, or Mr. Smith Received Actual or Constructive Notice of Adalytics' Claims within 90 Days of Filing...... 5

     C.     Adalytics' Sought-After Amendment is Futile and Time-Barred........................... 6

IV.    CONCLUSION..............................................................................................................7

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnes v. Prince George's Cnty.*,
    214 F.R.D. 379 (D. Md. 2003)........................................................................................6

*Carrero v. Farrelly*,
    310 F. Supp. 3d 581 (D. Md. 2018) ...............................................................................2

*Everett v. Prison Health Servs.*,
    412 App'x 604, 606 (4th Cir. 2011) ...............................................................................6

*Howes v. SN Servicing Corp.*,
    No. CCB-20-670, 2022 U.S. Dist. LEXIS 178872 (D. Md. Sept. 29, 2022)...............2

*Long v. Welch & Rushe, Inc.*,
    28 F. Supp. 3d 446 (D. Md. 2014) .................................................................................3

*Lynn v. Monarch Recovery Mgmt., Inc.*,
    953 F. Supp. 2d 612 (D. Md. 2013) ...............................................................................3

*Motley v. Host Hotels & Resorts, Inc.*,
    No. PX 15-2062, 2017 U.S. Dist. LEXIS 60307 (D. Md. Apr. 20, 2017)....................6

*Poole v. Mayhew*,
    No. CJC-23-1203, 2026 U.S. Dist. LEXIS 6859 (D. Md. Jan. 14, 2026)..................4, 5

*Reese v. H&S Bakery, Inc.*,
    No. RDB-17-3085, 2018 U.S. Dist. LEXIS 142361 (D. Md. Aug. 22, 2018)...............5

*Tatum v. RJR Pension Inv. Comm.*,
    761 F.3d 346 (4th Cir. 2014) .........................................................................................4

*Thompson v. Dollar Tree Stores, Inc.*,
    No. PWG-17-3727, 2019 U.S. Dist. LEXIS 16212 (D. Md. Feb. 1, 2019)..................4

*Vogel v. Boddie-Noell Enters.*,
    No. WMN-11-515, 2013 U.S. Dist. LEXIS 35548 (D. Md. Mar. 13, 2013)................6

*Wallace v. Georgia Dep't of Transp.*,
    No. 7:04-cv-78 (HL), 2006 U.S. Dist. LEXIS 32403 (M.D. Ga. May 23, 2006).........3

*Yanchak v. Lindh*,
    No. 5:10CV128, 2012 U.S. Dist. LEXIS 65062 (N.D.W. Va. May 9, 2012)...............5

**Other Authorities**

Fed. R. Civ. P. 4(m) ...........................................................................................................4

Fed. R. Civ. P. 15(c) ................................................................................... *passim*

Fed. R. Civ. P. 20..............................................................................................................4

Plaintiff Colossus Media, LLC ("Colossus SSP") moves for reconsideration of the Court's decision to grant Adalytics leave to amend its Amended Counterclaim to "to add DRCT and/or Mr. Walker and Mr. Smith as third-party defendants in this case." (ECF 44). As set out below, leave to amend should not be granted as to these parties because it would be futile. Adalytics' claims against these new parties are time-barred – Maryland has a one-year statute of limitations for defamation. And Adalytics cannot establish that its claims against these new parties relate back to the filing of its earlier pleadings as required by Federal Rule of Civil Procedure 15(c), as is its burden. Accordingly, Colossus requests the Court reconsider granting Adalytics leave to amend its Amended Counterclaim to add new parties.

## I.    BACKGROUND

Colossus initiated this litigation in May 2024, days after Adalytics published a defamatory post on its website claiming that Colossus defrauded its customers by misidentifying user IDs in order to sell more advertising. (ECF 1). Nearly a year later – and only after an unsuccessful Motion to Dismiss Colossus' complaint – Adalytics shifted strategy, bringing its own defamation claim based entirely on statements made *in response to* Adalytics' initial defamatory post or statements about this litigation. The April 2025 Counterclaim and the June 2025 Amended Counterclaim each named only one counter-defendant: Colossus.

While Adalytics' Amended Counterclaim alleges a myriad of non-specific wrongs, only a subset of the alleged wrongful statements is pertinent to this Motion. Here, the only relevant alleged defamatory statements are those in DRCT's SEC Filings and Press Releases:

(1) That <u>DRCT</u> (not Colossus) made a May 10, 2024 statement which was published in Campaign regarding Adalytics' allegedly defamatory report. *See* (ECF 34 at ¶ 58) (DRCT characterizing Adalytics' report as "part of a concerted effort to seek financial gain by attempting to discredit the performance and operations of" DRCT);

1

(2) That DRCT (not Colossus) stated in <u>DRCT's</u> Q3 2024 10-Q filing with the Securities and Exchange Commission (filed on November 13, 2024) that Adalytics had published a "defamatory article/blog post" which was part of "a coordinated misinformation campaign." (ECF 34 at ¶¶ 51-53);

(3) That on November 12, 2024, Mark Walker, <u>DRCT's Chairman and CEO</u> (not Colossus's) stated in a press release that Adalytics had made a "targeted and defamatory disinformation claim" about Colossus. (ECF 34 at ¶ 56); and

(4) That on November 12, 2024, Keith Smith, <u>DRCT's Executive</u> (not Colossus's) referred to Adalytics' report as a "defamatory disinformation attack[.]" (ECF 34 at ¶ 57).

The Court's March 2026 ruling correctly determined that <u>none</u> of these statements were attributable to Colossus. ECF 44 at 15. Indeed, the press release statements were made by Mark Walker and Keith Smith, respectively, two individuals who were not employed by Colossus at the time of the statements, and are executives of DRCT. *Id.* And it is plain that the Q3-2024 10-Q was signed by and issued on behalf of DRCT, <u>not</u> Colossus. *Id.* Adalytics neglected to identify any of these three parties as counter-defendants in either its initial Counterclaim or its Amended Counterclaim. ECF 28, 34. The Court's March 9, 2026 ruling forgives this neglect, but this is clear error.

## II.    LEGAL STANDARD

A district court "retains the power to reconsider and modify its interlocutor judgments" at any time before final judgment." *Howes v. SN Servicing Corp.*, No. CCB-20-670, 2022 U.S. Dist. LEXIS 178872, at *5 (D. Md. Sept. 29, 2022) (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003)). A court will generally grant a motion for consideration if any of the following are shown: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice." *Carrero v.*

*Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018).  The "goal [of reconsideration] is to reach the correct judgment under law." *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618 (D. Md. 2013).  Reconsideration is appropriate where, for example, the Court failed to consider an argument in its initial ruling.  *See Wallace v. Georgia Dep't of Transp.*, No. 7:04-cv-78 (HL), 2006 U.S. Dist. LEXIS 32403, at *20-22 (M.D. Ga. May 23, 2006) (finding that court had committed clear error by failing to consider a question on a motion for summary judgment and granting reconsideration to consider that argument).

III.     **ARGUMENT**

Adalytics' request to add DRCT, Mark Walker, and Keith Smith as parties to this action was made, not in the form of a motion, but in a flippant, one-line footnote in Adalytics' brief in opposition to Colossus's Motion to Dismiss.  This is far from sufficient to support the Court's decision to grant leave to amend under the circumstances present here.

As the Court recognizes, leave to amend may properly be denied if "the amendment would have been futile."  ECF 44 at 17 (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).  Here, Adalytics' defamation claim is subject to a strict one-year statute of limitations.  *See Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 456 (D. Md. 2014) ("Maryland imposes a one-year statute of limitations on claims for defamation.") (citing CJP § 5-105).  As a result, these proposed new claims against DRCT, Mr. Walker, and Mr. Smith – which all relate to statements made in 2024 – are now conclusively time-barred.

A.     **Adalytics' Claims Against Unrelated Parties Do Not Relate Back in Time.**

Adalytics cannot – and has not – met its burden under Federal Rule of Civil Procedure 15(c) to demonstrate that is claims against these new parties should "relate back" to the filing of

the Amended Complaint.   In the Fourth Circuit, a claim only relates back if the following conditions are met:

> (1) the amendment asserts a claim ... that arose out of the conduct, transaction, or occurrence set out ... in the original complaint;
>
> (2) within the Rule 4(m) period (90 days) of serving the original complaint, the defendant received such notice of the action that it will not be prejudiced in defending on the merits; [and]
>
> (3) within the Rule 4(m) period (90 days) of serving the original complaint, the defendant knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Poole v. Mayhew*, No. CJC-23-1203, 2026 U.S. Dist. LEXIS 6859, at *7-8 (D. Md. Jan. 14, 2026) (citing Fed. R. Civ. P. 15(c)).   The Court concluded in the March 9, 2026 ruling that the first condition was satisfied (through analyzing Fed. R. Civ. P. 20) but did not address the other two threshold requirements for relation back, or the implications of Rule 15(c).  *See* ECF 44. Importantly, "the burden is on the plaintiff [or counter-plaintiff] to prove that Rule 15(c) is satisfied." *Poole*, 2026 U.S. Dist. LEXIS 6859, at *8 (finding no relation back and denying leave to amend where plaintiff failed to meet his burden on conditions two and three) (citing *Covey v. Assessor of Ohio Cnty.*, 666 F. App'x 245, 248 (4th Cir. 2016)).   Here, Adalytics made no showing whatsoever.

When Adalytics filed its Amended Counterclaim, it included specific details about the statements made by DRCT, Mr. Walker, and Mr. Smith, yet it made the calculated decision—with only a few short months left in its limitations period—not to add any of those parties as counter-defendants.  Adalytics made a choice, not a mistake, and the Fourth Circuit is firm that Rule 15(c) does not rescue plaintiff from his "failure to name the prospective defendant" when it is "the result of a fully informed decision." *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 372 (4th Cir. 2014); *see Thompson v. Dollar Tree Stores, Inc.*, No. PWG-17-3727, 2019 U.S. Dist. LEXIS

4

16212, at *14 (D. Md. Feb. 1, 2019) (denying leave where party failed to show "mistake" within meaning of Rule 15(c)); *Reese v. H&S Bakery, Inc.*, No. RDB-17-3085, 2018 U.S. Dist. LEXIS 142361, at *8 (D. Md. Aug. 22, 2018) ("a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties' is not a 'mistake' enabling relation back under Rule 15(c)."). Adalytics' counterclaim relies on detailed corporate filings from publicly traded company DRCT—Adalytics was well aware of that entity, its leadership, and that it was a separate entity from Colossus when it filed its counterclaims.

### B.    Adalytics Has Not Shown That DRCT, Mr. Walker, or Mr. Smith Received Actual or Constructive Notice of Adalytics' Claims within 90 Days of Filing.

As for the required showing of notice, Adalytics fails to assert any facts, much less enough to satisfy its burden under Rule 15(c).  Adalytics' entire amendment argument is confined to a one-sentence footnote.  There are <u>no facts</u> suggesting that any one of the parties Adalytics seeks to add to this litigation (DRCT, Mr. Walker, or Mr. Smith) had actual or inquiry notice of Adalytics' claims against them within the relevant time frame.

Adalytics does not allege that it effectuated service of the complaint on any of these parties or that it made any contact whatsoever with these parties regarding the supposedly defamatory communications.  And courts in the Fourth Circuit are clear that "merely because a defendant knew of the events giving rise to the claims in the action" does not mean they received actual notice within the meaning of Rule 15(c).  *See Yanchak v. Lindh*, No. 5:10CV128, 2012 U.S. Dist. LEXIS 65062, at *5 (N.D.W. Va. May 9, 2012).  DRCT, Mr. Walker, and Mr. Smith had no notice whatsoever that Adalytics intended to bring claims against them, as opposed to Colossus.

Where, as here, the party seeking relation back "does not allege that [the added party] received any informal communication about the action" or was formally served, there can be no actual notice finding.  *Poole*, 2026 U.S. Dist. LEXIS 6859, *9-10.  Adalytics also fails to establish

5

(or even argue) that any of the new parties received constructive notice of Adalytics' time-barred claims.  Accordingly, Adalytics has not shown that the second condition for relation back is met, and leave should have been denied.  *See, e.g.*, *Motley v. Host Hotels & Resorts, Inc.*, No. PX 15-2062, 2017 U.S. Dist. LEXIS 60307, at *14 (D. Md. Apr. 20, 2017) ("Lack of notice within the statutory limitations period bars Plaintiff's filing of an Amended Complaint.").   In sum, Adalytics cannot muster a showing sufficient to satisfy Rule 15(c) and certainly did not do so in advance of the Court's March 9, 2026, ruling granting leave to amend.  Because Adalytics shoulders the burden to show amendment is proper, Colossus requests this Court reconsider its ruling, and deny leave to amend to add DRCT, Mr. Walker, or Mr. Smith at this late stage.

**C.      Adalytics' Sought-After Amendment is Futile and Time-Barred.**

Since Adalytics' claims against DRCT, Mr. Walker, and Mr. Smith cannot relate back to the filing of the Counterclaim or Amended Counterclaim, the limitations period for those claims expired in November 2025.  As a result, leave to amend would be futile, and should be denied. Courts in this circuit routinely endorse this approach, denying leave to amend when a claim was foreclosed by the statute of limitations.  *See Everett v. Prison Health Servs.*, 412 App'x 604, 606 (4th Cir. 2011) (upholding denial of leave to amend where claims barred by statute of limitations); *Vogel v. Boddie-Noell Enters.*, No. WMN-11-515, 2013 U.S. Dist. LEXIS 35548, at *13-14 (D. Md. Mar. 13, 2013) (denying leave to amend as futile where plaintiff failed to name appropriate party before end of limitations period); *Barnes v. Prince George's Cnty.*, 214 F.R.D. 379, 380 (D. Md. 2003) ("One circumstance rendering amendment futile is when the statute of limitations has run and the amendment would not relate back under Rule 15(c).").

Adalytics' one-line footnote comes nowhere close to meeting the rigors of Rule 15(c)'s requirements, and the Court may not relieve Adalytics of this burden.  Colossus respectfully

requests that the Court reconsider its March 9, 2026 ruling and deny leave to amend to add DRCT, Mr. Walker, or Mr. Smith as parties to this action.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Colossus respectfully requests the Court reconsider its ruling to grant Adalytics leave to amend its Amended Counterclaim to add new parties, as such amendment would be futile.

Dated: March 23, 2026

Respectfully submitted,

/s/ Melissa O. Martinez

Ava E. Lias-Booker (Federal Bar No. 05022)
Melissa O. Martinez (Federal Bar No. 28975)
**MCGUIREWOODS LLP**
500 East Pratt Street, Suite 1000
Baltimore, MD 21202-3169
(410) 659-4400
(410) 659-4482 Fax
alias-booker@mcguirewoods.com
mmartinez@mcguirewoods.com

Robert A. Muckenfuss (admitted *pro hac vice)*
**MCGUIREWOODS LLP**
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
(704) 343-2052
(704) 343-2300 Fax
rmuckenfuss@mcguirewoods.com

Lucy J. Wheatley (admitted *pro hac vice*)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-4320
(804) 698-2017 Fax
lwheatley@mcguirewoods.com

*Counsel for Plaintiff Colossus Media, LLC*

7