# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| COLOSSUS MEDIA, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>ADALYTICS RESEARCH, LLC,<br><br>*Defendant*. | Case 8:24-cv-01402-DKC |

**DEFENDANT ADALYTICS RESEARCH, LLC'S OBJECTIONS AND ANSWERS TO PLAINTIFF COLOSSUS MEDIA, LLC'S FIRST REQUESTS FOR ADMISSION**

Defendant Adalytics Research, LLC ("Adalytics"), by and through undersigned counsel, hereby submits these Objections and Answers ("Answers") to the First Requests for Admission ("Requests") served by Plaintiff Colossus Media, LLC ("Colossus").

The Requests have been interpreted and answered in accordance with plain English usage, and the answering party reserves the right to amend, modify, or supplement the Answers made herein upon receipt of new or different information obtained as a result of discovery and/or investigation undertaken on its behalf. As used herein, the term "subject matter of this litigation," or similarly worded phrases refer to the facts alleged in the Amended Complaint.

**OBJECTIONS TO DEFINITIONS**

**DEFINITION NO. 1**: Adalytics objects to Colossus's definition of "The Report," on the grounds that it is overbroad to the extent that it seeks to include "all prior drafts, advance copies, and any updates or amendments thereto." Colossus's defamation and injurious falsehood causes of action require the purported defamatory material to be published, and its false advertising and unfair

competition cause of action requires the purportedly defamatory material to be used in commercial advertising and promotion. As such, any drafts of Adalytics' report that were not published or used in commercial advertising or promotion are not relevant to this matter.

**DEFINITION NO. 15**: Adalytics objects to Colossus's definition of "Document" to the extent that the definition exceeds that of Fed. R. Civ. P. 34 – specifically, in that it calls for "any written, printed, recorded, or graphic matter that is or has been in Adalytics' actual or constructive possession or control."

## OBJECTIONS AND ANSWERS

**REQUEST FOR ADMISSION NO. 1**: Admit that in the timeframe analyzed in the Report, Colossus was integrated with The Trade Desk demand-side platform indirectly through the middleware provider BidSwitch (a subsidiary of Criteo S.A.) rather than through a direct server-to-server integration with The Trade Desk.

**ANSWER NO. 1**: Adalytics objects to this Request on the grounds that the phrase "timeframe analyzed in the Report" is vague, ambiguous, and undefined, and that the Adalytics' Report focused on a sample of data. Adalytics further objects to this Request on the grounds that it seeks information in the possession, custody, or control of Plaintiff. For the above-stated reasons, Adalytics can neither admit nor deny this Request.

**REQUEST FOR ADMISSION NO. 2**: Admit that Adalytics did not observe or obtain the server-to-server bid stream transmitted between BidSwitch and The Trade Desk on or before issuing any version of the Report.

**ANSWER NO. 2**: Adalytics objects to this Request on the grounds that the phrase "server-to-server bid stream" is vague, ambiguous, and undefined. For that reason, Adalytics can neither admit nor deny this Request.

**REQUEST FOR ADMISSION NO. 3**: Admit that in preparing the Report, Adalytics relied solely upon publicly accessible or available data, including client-side observations, and that Adalytics made no use of proprietary or internal data on how ads are placed or paid for.

**ANSWER NO 3**: Adalytics objects as this Request is compound and seeks two separate admissions. Adalytics further objects to this Request on the grounds that the phrases "proprietary … data" and "internal data" are vague, ambiguous, and undefined. Subject to these objections, Adalytics denies that it relied solely upon public sources in preparing the Report.

**REQUEST FOR ADMISSION NO. 4**: Admit that the transactions analyzed in the Report, including the transactions attributed to Colossus, were transacted by the DSP The Trade Desk.

**ANSWER NO. 4**: Adalytics objects to this Request on the grounds that the phrase "transactions analyzed in the Report" and "attributed to Colossus" are vague, ambiguous, and undefined. For that reason, Adalytics states that it can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 5**: Admit that the Report concerned the declaration of TDIDs in bid responses transacted by the DSP The Trade Desk.

**ANSWER NO. 5**: Adalytics objects to this Request as vague and ambiguous with respect to its use of the term "concerned." Subject to this objection, this Request is denied.

**REQUEST FOR ADMISSION NO. 6**: Admit that the Report attributed the source of observed user ID discrepancies between the pre-bid "tdid=" query string parameter and the actual TDID declared,, [sic] to Colossus.

**ANSWER NO. 6**: Denied.

**REQUEST FOR ADMISSION NO. 7**: Admit that for the time period analyzed in the Report, You knew that The Trade Desk's and BidSwitch's business arrangement for Colossus was Deals Only.

**ANSWER NO. 7**: Adalytics objects to this Request on the grounds that the terms "time period" and "business arrangement" are vague, ambiguous, and undefined. Subject to these objections, the Request is denied.

**REQUEST FOR ADMISSION NO. 8**: Admit that, according to BidSwitch's publicly available documentation found at https://protocol.bidswitch.com/support/private-deals.html, a Deals

Only transaction is routed to the buyer by reference to the Deal ID.

**ANSWER NO. 8:** Denied.

**REQUEST FOR ADMISSION NO. 9**: Admit that, according to BidSwitch's publicly available documentation found at https://protocol.bidswitch.com/support/private-deals.html, the Deal ID is the identifier by which a deals-based transaction is matched and executed between supplier and buyer.

**ANSWER NO. 9**: Denied.

**REQUEST FOR ADMISSION NO. 10**: Admit that the Report did not analyze whether the transactions attributed to Colossus were conducted on a Deals Only basis.

**ANSWER NO. 10**: Adalytics objects to this Request on the grounds that the terms "analyze" and "attributed to Colossus" in this context are vague, ambiguous, and undefined. Subject to these objections, this Request is denied.

**REQUEST FOR ADMISSION NO. 11**: Admit that prior to May 10, 2024, Adalytics did not ask Colossus, BidSwitch, or The Trade Desk whether Colossus transacted with The Trade Desk on a Deals Only basis.

**ANSWER NO. 11**: Denied.

**REQUEST FOR ADMISSION NO. 12**: Admit that The Trade Desk suspended Colossus on or about May 9, 2024, prior to the publication of the Report on the Adalytics website.

**ANSWER NO. 12**: Adalytics lacks knowledge or information sufficient to admit or deny this Request despite a reasonable inquiry that included requesting emails from The Trade Desk in discovery and subsequent correspondence. Colossus has taken the position that such emails are not relevant and has refused to date to produce these documents.

**REQUEST FOR ADMISSION NO. 13**: Admit that Adalytics did not publish a correction notice, errata, or change log identifying any change made to the Report after May 10, 2024.

**ANSWER NO. 13**: Admitted.

**REQUEST FOR ADMISSION NO. 14**: Admit that the Report accused Colossus of mis-declaring user IDs.

**ANSWER NO. 14**: Denied.

Dated: September 21, 2026

Respectfully submitted,

**HUGHES HUBBARD & REED LLP**

By: */s/ Koushik Bhattacharya*

Koushik Bhattacharya (Fed. Bar No. 16994)
James "Jake" Schaller (Fed. Bar No. 21081)
Hughes Hubbard & Reed LLP
1775 I Street, N.W., Sixth Floor
Washington, DC 20006-2401
Tel: (202) 721-4600
Facsimile: (202) 721-4646
Email: koushik.bhattacharya@hugheshubbard.com
jake.schaller@hugheshubbard.com
*Counsel for Defendant Adalytics Research, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of September, 2026, a copy of the foregoing was served upon all counsel of record.

*/s/ James Schaller*
James Schaller